UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KYIWANN JONES                                          CIVIL ACTION

VERSUS                                                 NO. 22-519-SDD-RLB

EAST FELICIANA DISTRICT
ATTORNEY'S OFFICE

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 21, 2022.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KYIWANN JONES**  **CIVIL ACTION**

**VERSUS**  **NO. 22-519-SDD-RLB**

**EAST FELICIANA DISTRICT
ATTORNEY'S OFFICE**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Complaint alleging violation of his Fifth and Sixth Amendment rights by the East Feliciana District Attorney's Office. (R. Doc. 1). The Defendant has not made an appearance in this action.

Pursuant to the *Younger* abstention doctrine, it is recommended that the Court decline jurisdiction and dismiss the action without prejudice.

**I.      Nature of the Plaintiff's Allegations**

On July 29, 2022, Kyiwann Jones ("Plaintiff") commenced this action for alleged violation of his Fifth and Sixth Amendment rights through malicious and wrongful prosecution by the East Feliciana District Attorney's Office ("Defendant"). (R. Doc. 1). Plaintiff alleges that he was wrongfully arrested on October 14, 2021 and charged with aggravated assault with a firearm. (R. Doc. 1 at 2). Plaintiff asserts that the attorneys he has hired to defend his criminal action have provided ineffective assistance of counsel. (R. Doc. 1 at 3). Noting that he has attempted to remove his criminal action to federal court, Plaintiff specifically seeks federal court intervention in the state criminal action to overlook his criminal action and to ensure his right to a fair trial. (R. Doc. 1 at 2).

Plaintiff does not expressly seek monetary damages.

**II.     Law and Analysis**

The undersigned has performed a review to determine whether the complaint should be dismissed as frivolous or malicious. Plaintiff's payment of the filing fee does not preclude this review. *See Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) ("Statutory provisions may simply codify existing rights or powers. [28 U.S.C. § 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Doe v. City of Baton Rouge*, No. 20-514, 2021 WL 304392, at *2 (M.D. La. Jan. 29, 2021) ("[R]egardless of whether Plaintiff were to pay the filing fee, this Court has the inherent power to screen a pleading for frivolousness."), *appeal dismissed*, No. 21-30061, 2022 WL 881753 (5th Cir. Mar. 24, 2022), *cert. denied sub nom. Doe v. City of Baton Rouge, Louisiana*, 143 S. Ct. 376 (2022). Furthermore, the Court can raise the issue of abstention *sua sponte*. *See Murphy v. Uncle Ben's, Inc.* 168 F.3d 734, 737 n.1 (5th Cir. 1999) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *BT Inv. Managers, Inc. v. Lewis*, 559 F.2d 950, 954 n.16 (5th Cir. 1977)).

It appears that Plaintiff is seeking to bring his constitutional claims under 42 U.S.C. § 1983. "Section 1983 is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)). "However, § 1983 does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Gates*, 885 F.3d at 880 (quoting *Mitchum*, 407 U.S. at 243).

Absent extraordinary circumstances, federal courts should not interfere with ongoing state criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 46 (1971); *see also DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The *Younger* doctrine establishes a presumption that the federal courts should abstain in cases in which a state criminal proceeding is pending."). Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "If the three prerequisites are satisfied, then a federal court can assert jurisdiction only if 'certain narrowly delimited exceptions to the abstention doctrine apply.' *Bice*, 677 F.3d at 716 (quoting *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004)). The *Younger* abstention doctrine does not apply to claims for monetary relief. *Saloom v. Tex. Dept. Of Family and Child Protective Servs.*, 578 F. App'x 426, 429 (5th Cir. 2014).

The three requirements for the exercise of the *Younger* abstention doctrine are met in this action, which solely seeks injunctive relief. First, the record indicates that this action was filed while the Plaintiff was still undergoing criminal proceeding in state court. Any injunctive relief provided by this court would interfere with the ongoing state criminal proceeding. *DeSpain*, 731 F.2d at 1176 ("[I]f a state criminal prosecution is <u>pending</u> when the federal complaint is <u>filed</u> or is instituted before any action of substance has commenced in the federal proceeding, the federal court should dismiss an action seeking equitable relief.") (emphasis added). Second, the State of Louisiana has a strong interest in enforcing its criminal laws. *Id.* ("The state has a strong interest

3

in enforcing its criminal laws. If the only risk to the state defendant's federal rights is one that can be eliminated by the defense to a single criminal prosecution, the balance tips heavily in favor of the state government and its interest in enforcing its criminal laws.") Third, Plaintiff will have an opportunity to raise constitutional challenges and assert his innocence during his state trial proceedings. Plaintiff will also have an opportunity to appeal the state trial court's decision if convicted, and to further seek redress of any constitutional violations through Louisiana's post-conviction relief procedures. *See id*. at 1178 ("[I]f the federal issues can be raised in the state proceeding, the failure to abstain would disrupt suits brought by the state and would reflect negatively on the ability of the state courts."). Indeed, the Fifth Circuit has held that "under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff." *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 (5th Cir. 1992) (citing *Younger*, 401 U.S. at 41; *DeSpain*, 731 F.2d at 1175).

There are three exceptions to the *Younger* abstention doctrine. "[A] federal court may enjoin a pending state-court criminal proceeding only if: (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or (3) where other 'extraordinary circumstances' threaten 'irreparable loss [that] is both great and immediate.'" *Gates*, 885 F.3d at 880 (quoting *Younger*, 401 U.S. at 45, 53-54).[1]

---

[1] In addition, the application of the *Younger* abstention doctrine can be waived. *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004)). Here, there is no evidence of waiver of the doctrine by the Defendant.

4

None of these exceptions apply in this action. First, Plaintiff's allegations are insufficient to establish that the state court proceeding was taken in bad faith. A prosecution is taken in bad faith if state officials proceed "without hope of obtaining a valid conviction." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see Ballard v. Wilson*, 856 F.2d 1568, 1571 (5th Cir. 1988). "[T]he 'bad faith' exception is narrow and should be granted parsimoniously." *Hefner v. Alexander*, 779 F.2d 277, 280 (5th Cir. 1985). Here, Plaintiff has alleged that he was wrongfully arrested and is innocent of the underlying criminal charges. While Plaintiff has alleged that he is being maliciously prosecuted and that he believes "the charges and prosecution are racially motivated" (R. Doc. 1 at 3), there are no allegations supporting a finding that the he is being prosecuted without hope of obtaining a valid conviction.[2] In other words, "[t]he allegations in his pleadings show, beyond doubt, that this is not a case for application of the narrow bad-faith exception." *Hensler v. Dist. Four Grievance Comm. of State Bar of Texas*, 790 F.2d 390, 392 (5th Cir. 1986).

Second, Plaintiff does not make any challenge to the underlying state criminal statute, La. R.S. 14:37.4: Aggravated Assault with a Firearm. (*See* R. Doc. 1-1 at 1).

Third, Plaintiff has not alleged any extraordinary circumstances that threaten any irreparable loss. To the extent Plaintiff is arguing that he is innocent, he will have the opportunity to raise the appropriate defense in the state criminal proceeding or seek post-conviction relief if convicted.

---

[2] To be clear, there is "no freestanding constitutional right to be free from malicious prosecution." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Plaintiff has merely alleged conclusory allegations of violations of his Fifth Amendment and Sixth Amendment rights. The Fifth Amendment does not apply to Defendant because it "applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Furthermore, to the extent Plaintiff is seeking to raise a Sixth Amendment claim for ineffective assistance of counsel claim, a dismissal of this action would not bar him from pursuing habeas corpus relief for that claim. *See Harvey v. Blessing*, 998 F.2d 1014 (5th Cir. 1993) (citing *Serio v. Members of Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1114 (5th Cir. 1987)).

For the foregoing reasons, the Court concludes that the requirement for application *Younger* abstention doctrine is met in this case. This Court's exercise of jurisdiction would interfere with Plaintiff's ongoing state criminal proceedings, in which the State of Louisiana has an important interest, and Plaintiff will have an adequate opportunity to raise constitutional challenges in the state proceedings. None of the exceptions to the abstention doctrine apply. Accordingly, this Court should decline to exercise jurisdiction and this action should be dismissed without prejudice.

### III.   Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Court decline to exercise jurisdiction based on the *Younger* abstention doctrine and that this action be **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on December 21, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**